**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3934-17T2

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

v.

VIRGIL D. BALDWIN,

      Defendant-Appellant.

_____

Submitted June 4, 2019 – Decided June 28, 2019

Before Judges Messano and Gooden Brown.

On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Indictment No. 09-02-0398.

Joseph E. Krakora, Public Defender, attorney for appellant (Monique Moyse, Designated Counsel, on the brief).

Christopher J. Gramiccioni, Monmouth County Prosecutor, attorney for respondent (Lisa Sarnoff Gochman, of counsel and on the brief).

PER CURIAM

Following a joint trial, the jury convicted defendant Virgil D. Baldwin, and his co-defendant Robert King, of second-degree robbery, and the judge sentenced defendant to an extended twenty-year term of imprisonment subject to the No Early Release Act, N.J.S.A. 2C:43-7.2. State v. Baldwin, No. A-0562-13 (App. Div. Dec. 14, 2015) (slip op. at 2). The Supreme Court denied defendant's petition for certification. State v. Baldwin, 224 N.J. 527 (2016).

Defendant's pro se petition for post-conviction relief (PCR) alleged that trial counsel provided ineffective assistance (IAC) in various respects. One specific claim, echoed in appointed PCR counsel's brief, was that trial counsel failed to request a continuance of the "plea cut-off" hearing despite defendant's failing mental health. Defendant contended that because of counsel's failure, he rejected the State's offer of a more favorable plea bargain and elected to go to trial. Defendant requested an evidentiary hearing on the petition. See R. 3:22-10(b) (entitling petitioner "to an evidentiary hearing only upon the establishment of a prima facie case in support of post-conviction relief, a determination by the court that there are material issues of disputed fact that cannot be resolved by reference to the existing record, and a determination that an evidentiary hearing is necessary to resolve the claims for relief").

A-3934-17T2

The PCR judge, Joseph W. Oxley, who was not the trial judge, denied the petition without an evidentiary hearing. In a comprehensive written opinion that accompanied his order, Judge Oxley considered all of defendant's IAC claims and found they were procedurally barred by Rule 3:22-4 (with certain exceptions, barring claims that could have been asserted, but were not asserted in prior proceedings or appeal). Nevertheless, Judge Oxley proceeded to consider the merits of the arguments raised, only one of which we need address.

Specifically, Judge Oxley rejected defendant's claim that trial counsel provided ineffective assistance by not requesting an adjournment of the plea cut-off hearing. Judge Oxley recited at length from the trial record, including the trial judge's observations of defendant at the time of the hearing, and that judge's conclusion after "several competency hearings" that defendant was "malingering at all times prior to the trial." Judge Oxley concluded that based upon the trial judge's specific findings, had defense counsel requested an adjournment, it would have been denied.

Before us, defendant contends his IAC claims were not procedurally barred, and asserts his entitlement to an evidentiary hearing on only one, i.e., that trial counsel provided ineffective assistance by not requesting an adjournment of the plea cut-off date because of defendant's mental health status

A-3934-17T2

at the time. Citing only medical testimony in the trial court during prior competency hearings and comments during other prior proceedings, and baldly asserting that he was "heavily medicated on . . . psychotropic drugs" on the day of the plea cutoff, defendant argues he "could not knowingly participate in the . . . hearing" and was entitled to an evidentiary hearing.

The argument lacks sufficient merit to warrant extensive discussion. Rule 2:11-3(e)(2). We affirm substantially for the reasons expressed by Judge Oxley in his ruling on the merits of the claim. We add only the following.

Defendant made no prima facie showing that trial counsel provided ineffective assistance under the two-pronged standard enunciated in Strickland v. Washington, 466 U.S. 668 (1984), and adopted by the Court in State v. Fritz, 105 N.J. 42 (1987). Any claim that defendant was decompensating because, after evaluation at Ann Klein Forensic Hospital and being found competent to stand trial, he stopped taking his medication while incarcerated at the county jail, is a "bare assertion . . . insufficient to support a prima facie case of ineffectiveness." State v. Cummings, 321 N.J. Super. 154, 171 (App. Div. 1999); see also R. 3:22-10(b) ("To establish a prima facie case, defendant must demonstrate a reasonable likelihood that his or her claim, viewing the facts alleged in the light most favorable to the defendant, will ultimately succeed on

the merits."). Moreover, that assertion is inconsistent with defendant's pro se claim that he was heavily medicated at the time.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3934-17T2